

FILED
IN OPEN COURT

MAR 5 2021

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:21-CR-56 |
| v. | <u>Counts 1-3</u>: 18 U.S.C. § 1344 <br> (Bank Fraud) |
| BRANDON HESTAND DOW, | <u>Counts 4-5</u>: 18 U.S.C. § 1028A(a)(1) <br> (Aggravated Identity Theft) |
| Defendant. | Forfeiture Notice |

## INDICTMENT

March 2021 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment, unless otherwise stated:

<u>Introductory Allegations</u>

1.　　Defendant BRANDON HESTAND DOW (hereinafter "DOW" or "the defendant") resided in Leesburg, Virginia, located within the Eastern District of Virginia.

2.　　PNC Bank ("PNC") provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

3.　　Wells Fargo & Company ("Wells Fargo") provided a range of traditional banking services throughout the United States, including in the Eastern District of Virginia, and is a financial institution as defined by Title 18, United States Code, Section 20.

4.　　Individual T.M. was a real person who resided within the Eastern District of Virginia.

The Scheme and Its Objects

5.      From on or about May 30, 2020, to on or about July 15, 2020, in the Eastern District

of Virginia and elsewhere, BRANDON HESTAND DOW, either alone or in concert with others,

did knowingly execute and attempt to execute a scheme to defraud Wells Fargo, PNC, and other

financial institutions and to obtain moneys, funds, credits, assets, securities, and other property

owned by, and under the custody and control of Wells Fargo and PNC, by means of false and

fraudulent pretenses, representations, and promises.

Manner and Means

6.      DOW, either alone or in concert with others, executed the scheme to defraud

financial institutions from a residence, located within the Eastern District of Virginia, by means of

computer and otherwise, and by physically visiting various bank branches located within the

Eastern District of Virginia.

7.      DOW possessed without lawful authority the means of identification of T.M., a

real individual.   DOW, either alone or in concert with others, would open a bank account in the

name of a real individual; would negotiate counterfeit checks deposited into the fraudulent

account; and would negotiate checks and withdraw money from the individual's real bank account,

all as part of the scheme.

8.      DOW used, without consent and without lawful authority, the identity of Individual

T.M. to misrepresent his and Individual T.M.'s identity to open a PNC checking account online

under false pretenses.

2

## COUNTS 1-3

18 U.S.C. § 1344 (Bank Fraud)

9.　　The allegations set forth in Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

10.　　On or about the dates indicated in the table below, in the Eastern District of Virginia and elsewhere, defendant, BRANDON HESTAND DOW, either alone or in concert with others, did knowingly execute and attempt to execute a scheme or artifice to defraud Wells Fargo, PNC, and other financial institutions, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Wells Fargo and PNC, by means of false and fraudulent pretenses, representations, and promises, as set forth below, each such fraudulent transaction being a separate count:

| Count | Approximate Date | Execution of Scheme to Defraud Bank |
|-------|------------------|--------------------------------------|
| 1 | 6/19/2020 | Withdrawal of $1,000 from victim T.M.'s existing Wells Fargo bank account using T.M.'s driver's license at a Wells Fargo branch in Leesburg, Virginia. |
| 2 | 6/26/2020 | Deposit of a counterfeit stolen check for $3,000 into the fraudulently-opened PNC bank account in the name of T.M. at a PNC branch at a Giant Foods in Ashburn, Virginia, and withdrawal of $1,000 using T.M.'s driver's license. |
| 3 | 6/29/2020 | Deposit of a fraudulent check made out to T.M. for $2,000 into the fraudulently opened PNC bank account in the name of T.M. and withdrawal of $2,500 using T.M.'s driver's license at a PNC Bank drive-thru at Pipeline Plaza in Ashburn, Virginia. |

(All in violation of Title 18, United States Code, Sections 1344 and 2).

3

## COUNTS 4-5

18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft)

11.     The allegations in paragraphs 1 to 10 and Counts 1 to 3, above, are incorporated herein by reference as if set forth fully below.

12.     On or about the dates shown below, in the Eastern District of Virginia and elsewhere, the defendant, BRANDON HESTAND DOW, did knowingly possess and use, without lawful authority, a means of identification of the following real person during and in relation to felony violations enumerated in 18 U.S.C. § 1028A(c), namely, bank fraud (18 U.S.C. § 1344):

| Count | Approximate Date | Means of Identification |
|-------|------------------|-------------------------|
| 4 | 6/12/2020 | Name, social security number, date of birth, and driver's license number of T.M. |
| 5 | 6/29/2020 | Name and driver's license of T.M. |

(In violation of Title 18, United States Code, Section 1028A(a)(1) and (2)).

4

## NOTICE OF FORFEITURE

The GRAND JURY HEREBY FINDS probable cause that the property described in this NOTICE OF FORFEITURE is subject to forfeiture pursuant to the statutes described:

Defendant BRANDON HESTAND DOW is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of counts one through three of this Indictment, he shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violations.

The assets subject to forfeiture include, but are not limited to, the following: a monetary judgment in the amount of not less than $4,500, representing the proceeds the defendant obtained from counts one through three of the Indictment.

Pursuant to 21 U.S.C. § 853(p), BRANDON HESTAND DOW shall forfeit substitute property, if, by any act or omission of BRANDON HESTAND DOW, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(All in accordance with Title 18, United States Code, Sections 982(a)(2)(A)
and Fed. R. Crim. P. 32.2.)

A TRUE BILL

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
FOREPERSON

Raj Parekh
Acting United States Attorney

By: _____
Roberta O. Roberts
Special Assistant United States Attorney
Russell L. Carlberg
Assistant United States Attorney

6